UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,        Case No. 2:18-cr-173
                                     Case No. 2:23-cv-3261
      v.                          JUDGE EDMUND A. SARGUS, JR.

ERIC A. ZEVELY,

        Defendant-Petitioner.

## OPINION AND ORDER

This matter is before the Court on Petitioner Eric Zevely's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.  (§ 2255 Motion, ECF No. 65.)  The United States answered in opposition.  (ECF No. 72.)  For the following reasons, Mr. Zevely's § 2255 Motion is **DENIED**.

In December 2018, Mr. Zevely pleaded guilty to the production of child pornography in violation of 18 U.S.C. § 2251.  (ECF Nos. 26, 28.)  This Court sentenced Mr. Zevely to 250 months' imprisonment to be followed by 15 years' supervised release.  (Judgment, ECF No. 42, PageID 138–40.)  Final judgment was entered on May 31, 2019.  (*Id.* at PageID 138.)  Mr. Zevely did not appeal the judgment.

Mr. Zevely brought this § 2255 Motion on March 31, 2023.  (§ 2255 Mot., ECF No. 65.) He raises three grounds on which he claims to be held in violation of the Constitution: (1) this Court lacks subject-matter jurisdiction over criminal cases, (2) the Commerce Clause does not give Congress the power to punish for child pornography offenses, and (3) the United States lacks

1

Article III standing to bring a criminal case where the government cannot show an injury to itself. (*Id*. at PageID 296–99.)

A one-year limitation period applies to § 2255 motions. As relevant here, the motion must be filed within one year from "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f). Where no appeal is taken, a judgment of conviction becomes final at the end of the 14-day period for filing a notice of appeal. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); Fed. R. App. P. 4(b)(1)(A). Courts may grant equitable tolling of the limitation period where (1) the petitioner "has been pursuing his rights diligently" and (2) "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015).

Mr. Zevely does not dispute that he filed this § 2255 Motion more than one year after his conviction became final. Instead, Mr. Zevely argues that the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization* "announced, directly, a new rule of constitutional law, as to subject-matters not referred to in the Constitution are beyond the regulatory powers of the Federal Government." (Mem., ECF No. 65-1, PageID 306.) According to Mr. Zevely, this new "precise subject-matter" rule is the basis for all three grounds for relief. (*Id.*; § 2255 Mot., ECF No. 65, PageID 303) Mr. Zevely argues in the alternative that he has been diligently pursuing his rights because he acted expeditiously after the *Dobbs* decision alerted him that his conviction may not be constitutional even though he "signed a plea agreement to forgo a direct appeal and a § 2255 motion." (*See* Mem., ECF No. 65-1, PageID 340–41.)

Mr. Zevely did bring this § 2255 Motion less than one year after the Supreme Court issued *Dobbs*. *See Dobbs*, 597 U.S. 215 (2022). Yet, in the *Dobbs* opinion, the Supreme Court "emphasizes that this decision concerns the constitutional right to abortion and no other right." *Id.* at 221. "Nothing in [the *Dobbs*] opinion should be understood to cast doubt on precedents that do not concern abortion." *Id.* In *Dobbs*, the Supreme Court did not recognize any right that provides grounds to invalidate Mr. Zevely's conviction. Accordingly, Mr. Zevely's Motion is not timely under § 2255(f).

For the stated reasons, Mr. Zevely's § 2255 Motion is **DENIED** as time-barred. (ECF No. 65.)

Mr. Zevely requested a new copy of Respondent's Answer in Opposition (ECF No. 76), which the Court sent (ECF No. 77). This request is **DENIED AS MOOT**. (ECF No. 76.)

Mr. Zevely moved for an extension of time to file his Reply. (ECF No. 78.) Before the Court had the opportunity to rule on the motion for an extension, Mr. Zevely replied. (ECF No. 79.) Mr. Zevely's Motion for an extension of time to file his Reply is **GRANTED**. (ECF No. 78.)

The Court **DECLINES** to issue a certificate of appealability because jurists of reason would not debate the denial of Mr. Zevely's § 2255 Motion. *See Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Clerk is **DIRECTED** to **ENTER FINAL JUDGMENT** in favor of the United States and close this case.

**IT IS SO ORDERED.**

10/25/2024                                          s/Edmund A. Sargus, Jr.
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                     **UNITED STATES DISTRICT JUDGE**